UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES J. POPPLE, | : | |
| ADMINISTRATOR OF THE ESTATE | : | |
| OF ALFRED D. HECKLER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-01567 (VLB) |
| JEAN K. CROUSE, | : | |
|     Defendant. | : | July 13, 2007 |

## MEMORANDUM OF DECISION
## ON DEFENDANT'S MOTION TO DISMISS [Doc. #18]

The plaintiff, Charles J. Popple, administrator of the estate of Alfred D. Heckler, filed a complaint against the defendant, Jean K. Crouse, grounding jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Popple is a citizen of Connecticut, Crouse is a citizen of North Carolina, and Popple claims that the amount in controversy exceeds $75,000.

Crouse was Heckler's companion from 1995 until his death in 2006. Pursuant to the Connecticut Statutory Short Form Power of Attorney Act, Conn. Gen. Stat. § 1-42 et seq., Heckler executed a durable power of attorney in 2004, naming Crouse and Phillips B. Carpenter of Massachusetts as his attorneys-in-fact. In Popple's view, Heckler lacked capacity to execute that power of attorney because he had developed Alzheimer's disease in 2003. Popple also alleges that Crouse exerted undue influence over Heckler and wrongfully deprived his estate of certain assets.

Popple's complaint against Crouse asserts claims for unjust enrichment, breach of fiduciary duty, conversion, and theft in violation of Conn. Gen. Stat. § 52-564, which provides that "[a]ny person who steals any property of another . . . shall pay the owner treble his damages." Crouse has filed a motion to dismiss for lack of subject matter jurisdiction on the ground that the "probate exception" to federal jurisdiction bars this action because Heckler's will has been admitted to the probate court for the district of Mansfield, Connecticut. Crouse also seeks dismissal because Popple did not name Carpenter as a defendant. For the reasons given below, the motion to dismiss is DENIED.

"[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Marshall v. Marshall, 547 U.S. 293, 126 S. Ct. 1735, 1748 (2006).

"[S]o long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it." Lefkowitz v. Bank of New York, ___ F.3d ___, Docket No. 04-0435-CV, 2007 WL 1839756 at *3 (2d Cir. June 28, 2007). "[U]nder the clarified probate exception a federal court should decline subject-matter jurisdiction only if a plaintiff seeks to achieve either of [the two prohibited] ends in federal court. As now defined, that

exception ensures that certain matters are left to state courts to resolve and that no federal court will interfere with state courts' jurisdiction over those matters properly confided to them. This limited application of the exception also ensures that where exercise of federal jurisdiction will result in a judgment that does not dispose of property in the custody of a state probate court, even though the judgment may be intertwined with and binding on those state proceedings, the federal courts retain their jurisdiction." Id.

In the present case, Popple is not asking this Court to administer Heckler's estate or to exercise control over property in the custody of the Mansfield probate court. Popple's claims for unjust enrichment, breach of fiduciary duty, conversion, and theft demonstrate that the purpose of this action is to recover assets allegedly in Crouse's possession so that they may be returned to the estate. Neither of the two narrow applications of the probate exception is germane to this case, and, accordingly, this Court must retain its jurisdiction.

Crouse also argues that this case must be dismissed because Popple did not name Carpenter as a defendant. In Crouse's view, Carpenter could be responsible for the alleged deprivation of assets from Heckler's estate because Carpenter also held Heckler's power of attorney. Crouse directs the Court's attention to Fed. R. Civ. P. 19(a), which provides in relevant part: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among

3

those already parties . . . . If the person has not been so joined, the court shall order that the person be made a party. . . ." Crouse also directs the Court to Fed. R. Civ. P. 19(b), which provides in relevant part: "If a person described in subdivision (a)(1) . . . hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. . . ." Crouse essentially asks this Court to make two determinations—first, that Carpenter is a necessary party because he also could have been responsible for the alleged deprivation of assets from Heckler's estate, and second, that Carpenter is an indispensable party but cannot be made a party, so the case must be dismissed. The Court declines to follow Crouse's line of reasoning.

Popple's complaint confines the allegations of wrongdoing to Crouse. Popple could have named Carpenter as a defendant if Popple had reason to believe that Carpenter had deprived assets from Heckler's estate, but Popple believes that only Crouse is responsible for the wrongdoing. Even if Carpenter is partly responsible for the wrongdoing, complete relief can still be accorded to Popple and Crouse in Carpenter's absence because Rule 19 does not require joint tortfeasors to be sued in the same action. See Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 360 (2d Cir. 2000) ("Under generally accepted principles of tort law, the liability of joint tortfeasors is both joint and several. . . . Rule 19 does not alter the long standing practice of not requiring the addition of

4

joint tortfeasors. Thus, [the] plaintiff may sue one or more of them without joining the others.") (citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1623, at 342 (2d ed. 1986)). Carpenter is therefore not a necessary party, and it logically follows that he is also not an indispensable party. See Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000) ("If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)."). Therefore, dismissal is not appropriate.

Crouse's motion to dismiss is DENIED.

                      IT IS SO ORDERED.

                      /s/
                      Vanessa L. Bryant
                      United States District Judge

Dated at Hartford, Connecticut: July 13, 2007.